| | |
|---|---|
| GILBERT RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF THE PRESIDENT OF THE UNITED STATES, BARACK HUSSEIN OBAMA,<br><br>　　　　　Defendant. | **1:16-cv-01623-LJO-MJS**<br><br>**FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECT PLAINTIFF TO PAY FILING FEE IN FULL**<br><br>**(ECF No. 2)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

　　　　Plaintiff proceeds pro se in this action. (ECF No. 1.) Plaintiff filed a Motion to Proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915 on October 27, 2016. (ECF No. 2.)

　　　　Parties instituting a civil action are generally required to pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. §

1

1915(a)(1). Permission to proceed IFP is a matter of privilege and not right, and the Court may deny leave to proceed IFP "if it appears from the face of the proposed complaint that the action is frivolous or without merit." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990). Thus, the Court must conduct a review of Plaintiff's complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Court has reviewed Plaintiff's complaint, and finds it is frivolous within the meaning of § 1915(e)(2). Plaintiff sues former President of the United States Barack Hussein Obama. Plaintiff purports to sue on behalf of the people of the County of Fresno, California, and designates himself a "solicitor of equity" and "relator." In essence, he claims that President Obama failed to faithfully execute his duties under Article II, Section 3 of the United States Constitution[1], thereby causing injury to himself and the people of Fresno. While the basis of Plaintiff's claim is unclear, it appears to be based on his belief that the perceived misconduct of local judicial officials in Fresno (detailed in Plaintiff's sheaves of supporting documentation) is directly attributable to the negligence of the former President. His complaint spans 166 pages, and is composed of copies of letters addressed to the President and other officials, as well as copies of other filings by Plaintiff in other lawsuits. While Plaintiff's filing is replete with legal terms, statutes, and

---

[1] U.S. Const. Art. II, § 3 reads:

"The President shall be commander in chief of the Army and Navy of the United States, and of the militia of the several states, when called into the actual service of the United States; he may require the opinion, in writing, of the principal officer in each of the executive departments, upon any subject relating to the duties of their respective offices, and he shall have power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment.

He shall have power, by and with the advice and consent of the Senate, to make treaties, provided two thirds of the Senators present concur; and he shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law: but the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments.

The President shall have power to fill up all vacancies that may happen during the recess of the Senate, by granting commissions which shall expire at the end of their next session."

case law, it puts forth no factual allegations, states no claims for the violation of any rights, and fails to establish that Plaintiff even has standing to sue the President. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) ("To establish Article III standing, a plaintiff must show: (1) an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal quotation marks and citations omitted). Furthermore, "a litigant's interest cannot be based on the 'generalized interest of all citizens in constitutional governance.'" Drake v. Obama, 664 F.3d 774, 779 (9th Cir. 2011) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974)).

For the foregoing reasons, the Court finds that Plaintiff's complaint is frivolous and cannot state a claim for which relief may be granted, and it is unlikely amendment could cure its deficiency. Plaintiff is thus not entitled to proceed IFP.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed IFP (ECF No. 2) be DENIED;
2. Plaintiff be DIRECTED to pay the filing fee in full; and
3. If Plaintiff fails to pay the filing fee within twenty-one days of the order adopting these findings and recommendations, his case be dismissed.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the

waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 5, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE